

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case No. '08 MJ 8761 |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF: |
| ) | |
| v.  ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii) |
| ) | Bringing In Illegal Aliens Without |
| Rafael VALENZUELA-Leon ) | Presentation |
| ) | |
| Defendant. ) | |

The undersigned complainant, being duly sworn, states:

On or about August 21, 2008, within the Southern District of California, defendant Rafael VALENZUELA-Leon, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Alfonso ROMERO-Galicia, and Alvaro ROMERO-Lopez, had not received prior official authorization to come to, enter and remain in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached Statement of Facts which, is incorporated herein by reference.

JUAN J. SUAREZ
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 21st DAY OF AUGUST 2008.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Rafael VALENZUELA-Leon

STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officers, Border Patrol Agent M. Dempsey that on August 21, 2008, the defendant, a native and citizen of Mexico was apprehended near Ocotillo, California, as the guide, that smuggled three undocumented aliens from Mexico into the United States in violation of law.

August 21, 2008, at approximately 11:00 A.M., Agent Eliser was looking for foot sign about one half mile west of mile marker 20 on Highway 98 when he discovered sign for four individuals. Agent Eliser discovered that the foot sign indicating the presence of four individuals traveling north of Highway 98 into the desert. Agent Eliser notified agents assigned to the area of his discovery and requested their assistance in following the foot sign north.

Agents Garcia, Shick, and Dempsey were now several miles north of Highway 98 following the foot sign. While following the group's foot sign, Agents Shick and Dempsey came upon a male Hispanic, later identified as David ROMERO-Lopez, lying on the desert floor. The agents checked ROMERO's vital signs since he was unconscious and unresponsive. Agents Shick and Dempsey determined that ROMERO had no pulse and was not breathing. Agent Shick immediately requested medical assistance. Agents B. McDonald and K. Wright responded within minutes and rendered medical assistance. Despite Agents McDonald's and Wright's

efforts, ROMERO did not regain consciousness and was pronounced dead at the scene.

Pilots assigned to the Customs and Border Protection Air Interdiction Unit also responded in their assigned aircraft. A short time later, the Air Interdiction Pilot advised Agent Carpenter that he was observing a lone male running through the desert. Agent Carpenter responded to the location and detained a male Hispanic later identified as Alvaro ROMERO-Perez. Agent Carpenter identified himself as a Border Patrol Agent and determined through questioning that Alvaro ROMERO-Perez was a Mexican citizen without legal immigration documents that would allow him to be in or remain in the United States legally. Agent Carpenter then placed Alvaro ROMERO-Lopez under arrest.

Agents continued to follow the sign north from where they found the body of David ROMERO-Lopez and found two subjects, later identified as Alfonso ROMERO-Galicia and Rafael VALENZUELA-Leon. It was determined through questioning that both were Mexican citizens without legal immigration documents that would allow them to be in or remain in the United States legally. Both Alfonso ROMERO-Galicia and VALENZUELA were arrested.

Material Witness Alfonso ROMERO-Galicia stated he paid $3,500.00 to be smuggled to Los Angeles, California. ROMERO-Galicia and ROMERO-Perez stated they (including David ROMERO-Lopez) and the foot guide who was wearing a blue plaid shirt were picked by a taxi in Mexicali, Mexico, and dropped off in the desert.

Material Witness Alvaro ROMERO-Perez stated he made arrangements with along with his cousin and nephew (David ROMERO-Lopez) to be smuggled into the United States. ROMERO stated he

told the agent his nephew was sick and needed help. ROMERO-Galicia stated that shortly after, they found his nephew, cousin and the guide. ROMERO-Galicia and ROMERO-Perez positively identified VALENZUELA from a six-pack photo line-up as the guide.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Alfonso ROMERO-Galicia | Mexico |
| Alvaro ROMERO-Lopez | Mexico |

Further, complainant states that Alfonso ROMERO-Galicia, and Alvaro ROMERO-Lopez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.